White, J.
The ground of error relied on in this case is, that the agreement of October 13, 1871, entered into between the Home Mutual Life Insurance Company and the plaintiff, is unauthorized by the charters of the respective companies, and is therefore void; and that, as the plaintiff’s title to the note in controversy is derived through this agreement, the transfer of the note by the Home Mutual to the plaintiff is inoperative.
In applying the doctrine of ultra vires, in a particular case, regard must not only be had to the unauthorized agreement or transaction, but also to the relation which the litigating parties sustain to it.
Where there is an absolute or total want of power in a corporation to deal in respect to a given subject, it may be that acts done in the name of the corporation, in regard to such subject, would, as corporate acts, be void for all purposes and as against all persons.
But there is an obvious distinction between such a case and one where the corporation deals with a subject within the scope of its granted powers, but for a purpose, or in a mode not authorized by its charter. Thus, where property which the corporation, under certain circumstances, is authorized by its charter to acquire, is purchased, in a mode or for a purpose not authorized, it seems clear to us that the title of the corporation to the property can not be defeated by a party who is a stranger to the agreement by which the property was acquired, and who is not injured by the transfer.
A stranger to the agreement or transaction has no right to question its validity, whether it was entered into between corporations or natural persons. To obtain a standing in a court of justice to make such inquiry, a party must show that he is interested in the question, and that the execution of the agreement operates to his injury or prejudice.
*338 The plaintiff' and the Home Mutual Company, at the date of the agreement of October 13,1871, were carrying on the business of life insurance under the act of April 16,1867, entitled “ an act for the incorporation and regulation of life insurance companies.” S. & S. 218.
The substance of the agreement between the companies was that the plaintiff purchased all the assets of the Home Mutual, an.d in consideration thereof agreed to assume its risks and to pay its debts. Among the assets was the promissory note of the plaintiff' in error, in controversy in this case, which was indorsed and delivered by the Home Mutual to the defendant in error, in pursuance of the agreement.
The agreement is set forth in full as part of the answer; but there is no averment that it has not been performed by the respective parties. In the absence of such averment, it will be presumed, in a case like the present, that the agreement has been performed, or at least that it has not been abandoned.
The validity of the note sued on is admitted. The only defense relied on is that the plaintiff, the purchasing company, has not.such a title to the note as will enable it to maintain the action.
According to the principles already stated, the fact that the agreement between the companies is unauthorized by their charters does not constitute a defense by the maker of the note. As a debtor, he is interested in paying the note only to a parky who is authorized to receive payment and to discharge him from liability. But while the validity of the transfer is insisted upon or adhered to by the parties to it, he has no interest in questioning the title of the purchaser, as payment to the latter will discharge his liability on the note.
The answer likewise states that the defendant, at the time of the making of the note, was, and that he still continues to be, a stockholder in the selling company. There appears, however, to be-no connection between the taking of the stock and the giving of the note ; and where such is *339 the case, the fact'of Ms being such stockholder can not affect a recovery on the note, in the absence of any showing that the transfer of the note was to his injury or prejudice as a stockholder.
Having stated the principles upon which we rest our decision in this case, we deem it unnecessary to analyze and review the numerous authorities cited by counsel in this case, and in several others argued in connection with it. In regard, however, to the case of Straus v. Eagle Ins. Co., 5 Ohio St. 59, relied upon by the plaintiff in error, it is proper to say that, while we do not question the correctness of the decision in that case, there are expressions in the opinion apparently in conflict with the view we have taken. These expressions were subsequently qualified in the opinion in the case of White’s Bank of Buffalo v. Ins. Co., 12 Ohio St. 610 ; and of this qualification we approve.
In regard to the averment in the answer, that Cochnower was not the legal president of the company, for the reason that at the time of his election he was not a stockholder in the compauy, it is only necessary to say, without inquiry whether the objection, in a proper proceeding, would be valid or not, that being a de facto officer, his title can not be questioned in a collateral proceeding.

Judgment affirmed.